UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                                    Chapter 7
Isaac J. Grinspan,

                                                    Case No. 13-76084-las
                                    Debtor.

-------------------------------------------------------------x
Isaac J. Grinspan,

                                                    Adv. Pro. No. 14-08116-las
                                    Plaintiff

    -against-

Tomor Grinspan and
David J. Seidemann, Esq.,

                                    Defendants.
-------------------------------------------------------------x


## MEMORANDUM AND ORDER DENYING
## CROSS-MOTIONS FOR SUMMARY JUDGMENT


This matter comes before the Court on a motion for summary judgment filed by the plaintiff, Isaac J. Grinspan ("Plaintiff"), on November 17, 2014, and a motion for summary judgment filed by defendants Tomor Grinspan ("Tomor") and her state court attorney, David Seidemann, Esq. ("Seidemann," and together with Tomor, the "Defendants") on November 18, 2014. Each party responded in opposition to the other party's motion for summary judgment. For the reasons set forth below, the cross-motions for summary judgment are denied.


## JURISDICTION


The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United State District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) dated August 28, 1986, as amended by Order dated December 5, 2012, made effective *nunc pro tunc* as of June 23, 2011. Consideration of the motions is a core proceeding under 28 U.S.C. §

157(b)(2)(A), (G), and (O) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

## BACKGROUND

Except where otherwise noted, the following facts are taken from the statements of fact and responses thereto submitted in support of the cross-motions for summary judgment. The Court recites only those facts relevant to the claims and defenses at issue.

A. Pre-Petition State Court Proceedings

Tomor and Plaintiff are former spouses. Their divorce was formalized in a Judgment of Divorce, dated May 3, 2011, entered by the Nassau County Supreme Court (the "State Court"). On May 3, 2013, Plaintiff filed a motion in the State Court for a downward modification of his child support obligations to Tomor. The motion was resolved by entry of a consent order which provided that Plaintiff will (1) reinstate the child support he was previously paying to Tomor in the amount of $1,325 per month, and cure any arrears he owed; (2) reimburse the Bikur Cholim Society for certain payments made to a therapist for one of Plaintiff's and Tomor's children; and (3) reinstate and maintain Tomor as the beneficiary under the Plaintiff's life insurance policy (the "Consent Order"). The Consent Order also provided:

> To date [Tomor] has expended $36,249.43 in legal fees in bringing this enforcement and contempt proceedings [*sic*]. As per the Stipulation of Settlement dated July 27, 2010 Article XII, [Plaintiff] will be responsible for all of [Tomor's] attorney's fees. At this time, [Tomor] is willing to accept $18,000 from [Plaintiff] in full satisfaction of attorney fees owed. However, if [Plaintiff] fails to comply with any of the provisions set forth herein, notice of default shall be served upon [Plaintiff] and he shall be responsible for the present shortfall as well as attorney fees that [Tomor] may be entitled to in the future. Upon default, a judgment for the shortfall shall be entered immediately in the Nassau County's Clerks Office . . . . [Tomor] is not waiving her rights to petition this court or any other court for legal or other litigation expenses that may arise from ongoing litigation in regard to the matter addressed in this consent Order.

Based on Plaintiff's alleged default under the Consent Order for failing to reimburse the Bikur Cholim Society and reinstate Tomor as the beneficiary under Plaintiff's life insurance policy, Tomor

obtained a money judgment against Plaintiff in the amount of $18,372.61, which Seidemann filed with the Nassau County Clerk on or about August 9, 2013 (the "Money Judgment"). In an effort to collect on the Money Judgment, Tomor served Plaintiff with an information subpoena, restraining notice, and individual questionnaire (collectively, the "Information Subpoena"), which Plaintiff failed to timely answer. On November 14, 2013, Tomor moved by Order to Show Cause to, *inter alia*, hold Plaintiff in contempt for failing to (1) pay for Tomor's therapy; (2) answer the Information Subpoena; (3) reinstate Tomor as a beneficiary under Plaintiff's life insurance policy; and (4) pay the balance of Tomor's attorney's fees, which allegedly became due under the Consent Order upon Plaintiff's alleged default (the "Contempt Motion").

B.  The Plaintiff's Bankruptcy Case and Post-Petition State Court Proceedings

On December 3, 2013, prior to the State Court's determination of the Contempt Motion, Plaintiff filed a petition for relief under chapter 7 of the Bankruptcy Code in this Court. Plaintiff provided Siedemann with notice of the bankruptcy filing by letter dated December 3, 2013. On December 5, 2013, the return date for the Contempt Motion, Plaintiff and Defendants appeared in the State Court. The parties also appeared on the matter in State Court on several occasions after commencement of Plaintiff's bankruptcy case.[1] The parties dispute whether the post-petition appearances and argument in State Court pertained to the merits of the Contempt Motion and, in particular, enforcement of the Money Judgment. The State Court has not made any finding or issued any order determining whether the automatic stay applies to the relief requested in the Contempt Motion, or whether the Money Judgment constitutes a domestic support obligation under Section 101(14A) of the Bankruptcy Code.

On January 14, 2014, in response to the Contempt Motion, Plaintiff filed a cross-motion seeking, *inter alia*, an order (1) vacating the Consent Order; (2) vacating the Money Judgment; and (3) staying the

---

[1] The additional State Court appearances include: December 19, 2013; January 14, 2014; February 6, 2014; March 17, 2014; and April 29, 2014. The parties agree that at the April 24, 2014 hearing, Seidemann requested that the State Court refrain from determining the Contempt Motion, including the request to enforce the Money Judgment and compel answers to the Information Subpoena. It was on this date, as well, that Seidemann advised the State Court that he would withdraw the Information Subpoena.

Contempt Motion pending determination of Plaintiff's cross-motion. In March 2014, Tomor filed an Affirmation in Opposition and Reply to Plainttiff's cross-motion, which contained the following language:

> In additions [*sic*] to the [pre-petition] $18,000.00 stilled [*sic*] owed to me by [Plaintiff] for the first reound [*sic*] of motions, I have incurred another $20,000 in fees. Pursuant to our Stipulation of Settlement of divorce and pursuant to the July 1st [Consent Order], [Plaintiff] is responsible for all of the fees. This Court should order [Plaintiff] to immediately pay my attorneys $38,000 still owed to them.
>
> WHEREFORE, [Plaintiff's] [cross-] motion should be denied in its entirety and [Tomor's] motion for contempt should be granted in its entirety and for all other relief the Court deems just and fit.

C.  Procedural History

Plaintiff commenced this adversary proceeding on April 14, 2014 by filing a single-claim complaint (the "Complaint") seeking to permanently enjoin Defendants from engaging in conduct that violates the automatic stay under §362(a) of the Bankruptcy Code, including any proceedings related to the Contempt Motion. On the same day, Plaintiff filed a motion with this Court for an order (1) finding that Defendants willfully violated the automatic stay by continuing to litigate the Contempt Motion; (2) awarding Plaintiff attorney's fees; and (3) temporarily and preliminarily enjoining the Defendants from continuing the State Court action (the "Automatic Stay Motion"). Defendants filed opposition to the Automatic Stay Motion on April 30, 2014. Plaintiff filed a reply on May 5, 2014. The hearing on the Automatic Stay Motion was adjourned from April 22, 2014 to May 6, 2014, and adjourned a second time to June 18, 2014. At the adjourned hearing on June 18, 2014, the Court advised the parties that the relief requested in the Automatic Stay Motion would be heard in conjunction with the trial in this adversary proceeding, and directed Defendants to file a response to the Complaint by no later than June 25, 2014.

Defendants filed an answer to the Complaint on June 23, 2014. The Court issued a Scheduling Order on June 25, 2014, and an Amended Scheduling Order on October 24, 2014. The Amended Scheduling Order scheduled a pretrial conference in this matter on November 4, 2014. At the November 4, 2014 pretrial conference, the parties advised the Court that they would each move for summary judgment.

On November 17, 2014, Plaintiff filed a motion for an order (1) granting summary judgment on the Complaint; (2) striking the Defendants' affirmative defenses; and (3) finding that Defendants willfully violated the automatic stay ("Plaintiff's Motion"). Plaintiff's Motion is supported by a statement of facts, the Affidavit of Isaac J.Grinspan, the Affirmation of Richard V. Kanter and a memorandum of law.  *See* Pl.'s Motion, Dkt. No. 32; Pl.'s Statement of Facts, Dkt. No. 32-1; November 17 Isaac Affidavit, Dkt. No. 32-2; Kanter Affirmation, Dkt. No. 32-3; Pl.'s Mem. of Law, Dkt. No. 32-19. On December 4, 2014, Defendants filed a memorandum of law in opposition to the Plaintiff's Motion and a response and counter-statement to the Plaintiff's statement of facts. *See*  Def.'s Mem. of Law, Dkt. No. 39; Def.'s Resp. to Pl.'s Statement of Facts, Dkt. No. 40.

On November 18, 2014, Defendants filed a cross-motion for summary judgment and sought (1) a determination that the automatic stay does not apply to the enforcement of the Money Judgment; and (2) in the event the Court finds that the automatic stay does apply, a determination that Defendants have not violated the automatic stay ("Defendants' Motion," together with the Plaintiff's Motion, the "Summary Judgment Motions"). Defendants' Motion is supported by a statement of facts and a memorandum of law. *See* Def.'s Motion and Def's Mem. of Law, Dkt. No. 33; Def.'s Statement of Facts, Dkt. No. 34.  On December 3, 2014, the Plaintiff filed the Affidavit of Isaac J. Grinspan and a memorandum of law in opposition to Defendants' Motion and a response to Defendants' statement of facts.  *See*, December 2 Isaac Affidavit, Dkt. No. 37; PL.'s Mem. of Law, Dkt. No. 37-1; Pl.'s Resp to Def.'s Statement of Facts, Dkt. No. 37-2.

A hearing on the Summary Judgment Motions was held on December 16, 2014. After consideration of the arguments of the parties at the hearing, the Court denied the Summary Judgment Motions. This Memorandum and Order explains the reasons for that decision.

## SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), made applicable by Fed. R. Bankr. P. 7056, "a party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Rule 56 requires that a court "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In making this determination, the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir. 2006) *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the burden of demonstrating the absence of any genuine dispute of material fact. *Celotex*, 477 U.S. at 322-23. Thus, the moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine dispute of material fact. *See Celotex*, 477 U.S. at 323; *see also Anderson*, 477 U.S. at 249. The evidence on each material element of its claim or defense must be sufficient to entitle the moving party to relief in its favor as a matter of law. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

If the movant meets its initial burden, the nonmoving party must then produce "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). To meet this burden, the nonmoving party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, it must

present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (internal citations and quotation marks omitted). A court should grant the motion if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita,* 475 U.S. at 587 (internal quotation marks omitted).

When faced with cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Braga Filho v. Interaudi Bank*, No. 03 CIV. 4795 (SAS), 2008 WL 1752693, at *3 (S.D.N.Y. Apr. 16, 2008) *aff'd sub nom. Filho v. Interaudi Bank*, 334 F. App'x 381 (2d Cir. 2009) (*citing* Wright, Miller, and Kane, *Federal Practice & Procedure* § 2720). Each party's motion must be examined on its own merits, and all reasonable inferences must be drawn against the party whose motion is under consideration. *Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011).

## DISCUSSION

In support of Plaintiff's Motion, Plaintiff argues that Defendants should be permanently enjoined from violating the automatic stay because (1) the Section 362(b)(2)(B)[2] exception to the automatic stay does not apply to this case because the Money Judgment at issue in the State Court action does not give rise to a domestic support obligation; and (2) even if the Money Judgment does give rise to a domestic support obligation, the Defendants' post-petition actions surpassed mere collection as contemplated in Section 362(b)(2)(B), and constituted impermissible "enforcement."

In response, Defendants argue, *inter alia*, that they did not violate the automatic stay because (1) the Money Judgment gives rise to a domestic support obligation, and the Section 362(b)(2)(B) exception

---

[2] Section 362(b)(2)(B) states, "[t]he filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay . . . under subsection (a) . . . of the collection of a domestic support obligation from property that is not property of the estate.

therefore applies; and (2) even if the Money Judgment does not give rise to a domestic support obligation, the Defendants did not violate the automatic stay because they refrained entirely from taking post-petition actions—collection, enforcement, or otherwise—regarding the Money Judgment. Defendants also contend that if the Court finds that Section 362(b)(2)(B) does apply, and the Defendants did in fact take actions regarding the Money Judgment, then their actions fell within the ambit of the Section 362(b)(2)(B) exception because they constituted mere collection, and not enforcement.

Applying the standard set forth in Rule 56, and the relevant legal authority, the Court denies the Summary Judgment Motions.[3] The Court finds that neither Plaintiff nor Defendants has shown that there is no genuine dispute of material fact such that Plaintiff or Defendants is entitled to judgment as a matter of law. More specifically, neither party has shown there is no genuine dispute of material fact regarding the following issues:

(i)     Did Defendants take any action post-petition to collect upon or enforce the Money Judgment? If not, then there is nothing left to determine, as the Defendants claim they could not have violated the automatic stay, let alone willfully, if they did not take any action post-petition to collect upon or enforce the Money Judgment.

(ii)    If Defendants did take action post-petition regarding the Money Judgment, did their conduct violate the automatic stay? This issue turns on whether the Money Judgment is, as Defendants assert, a

---

[3] The Court notes that under Section 523(a)(5) of the Bankruptcy Code "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for a domestic support obligation. 11 U.S.C. § 523(a)(5). As the parties dispute whether the Money Judgment is a domestic support obligation and additional facts are required to determine whether the Money Judgment gives rise to a domestic support obligation, the Court cannot yet determine whether Plaintiff's obligations under the Money Judgment will be excepted from discharge under section 523(a)(5). Neither party has commenced an adversary proceeding before the Court to determine the dischargeability of the debt evidenced by the Money Judgment. If the Money Judgment is determined to be a domestic support obligation, then Plaintiff, by his Complaint, would seek to enjoin Defendants' collection and enforcement of a non-dischargeable debt. If the Money Judgment is not a domestic support obligation, a permanent injunction is superfluous because Defendants' post-petition actions are subject to the automatic stay and section 524 of the Bankruptcy Code provides for a post discharge injunction, i.e., a debtor who is eligible for a discharge and receives one is relieved from any further personal liability on his or her dischargeable debts. 11 U.S.C. §524(a).

domestic support obligation or, as alleged by Plaintiff, a penalty.[4] Whether an obligation constitutes a domestic support obligation is a fact intensive inquiry, *see, In re Maddigan*, 312 F.3d 589, 595 (2d Cir. 2002), and is governed by federal law. *See, In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011).

(iii)    If the Money Judgment is a domestic support obligation, and Defendants sought to collect upon the Money Judgment, did the Defendants seek to collect from a source other than property of the estate? If so, Defendants claim their actions are excepted from the automatic stay under Section 362(b)(2)(B). Plaintiff, however, takes issue with that conclusion. Plaintiff claims that Defendants' conduct would still be in violation of the automatic stay because Defendants sought not only collection of the Money Judgment, but enforcement as well. As such, Plaintiff asserts that (1) there is a legal distinction between collection and enforcement for purposes of determining whether an act falls within Section 362(b)(2)(B) *and* (2) if Defendants went beyond collection and sought to enforce the Money Judgment, then the Defendants' actions are not excepted from the automatic stay under Section 362(b)(2)(B).

(iv)    If the Money Judgment is not a domestic support obligation, and the Defendants took action post-petition to either collect or enforce the Money Judgment in violation of the automatic stay, was such violation willful, as Plaintiff contends?

---

[4] The Consent Order provides in part, "[Tomor] is willing to accept $18,000 from [Isaac] in full satisfaction of attorney fees owed. However, if [Isaac] fails to comply with any provision set forth herein, notice of default shall be served upon [Isaac] for the present shortfall . . . , as well as any attorney fees that Plaintiff may be entitled to in the future." In his opposition to Defendants' Motion, Plaintiff argues that "the Money Judgment is not a domestic support obligation, but a penalty incurred by the [Plaintiff] for (allegedly) not complying with the parties' Consent Order." PL.'s Mem. Of Law, Dkt.No. 37-1, at p. 7. In paragraph 3 of Plaintiff's Automatic Stay Motion (Dkt. No. 2), Plaintiff alleges that "[t]he legal fees recited in the Consent Order were not part of the Plaintiff's obligations under the Judgment of Divorce or the Stipulation of Settlement."

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion is denied, and Defendants' Motion is denied. The Court will issue a separate order setting forth the date for pretrial submissions and scheduling a final pretrial conference, at which the Court will set a trial date.



**Dated: July 20, 2015**
     **Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**